# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-2791-FRZ(DTF) |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | |
| Christopher Sterling Jones, | |
| Defendant. | |

Defendant Christopher Sterling Jones moves this Court for a motion to dismiss Defendant's indictment. (Doc. No. 20.) The government responded in opposition to the motion. (Doc. No. 22.) Defendant has not filed a reply to the government's response. Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, DENY Defendant's motion.

The relevant background facts set forth below are undisputed and are taken from the parties' briefs. On June 4, 1993, Defendant was convicted of the offense of lewd and lascivious acts upon a child under the age of fourteen in California Superior Court. He subsequently registered as a sex offender in the state of California. Defendant moved to Washington in 1998, and complied with sex offender registration requirements in that state as well. On August 4, 2009, Washington state authorities checked Defendant's registered address and discovered that he was no longer resident there and had moved to Arizona. Examination of Arizona Department of Public Safety records revealed that Defendant had not registered as a sex

1 offender in the state of Arizona and, pursuant to the Sex Offender Registration and Notification
2 Act ("SORNA"), Defendant was arrested at his residence on November 24, 2009.

**ANALYSIS**

SORNA requires any person convicted of a sex offense to register, and keep such registration current, in any state where the person resides, works, or is a student. 42 U.S.C. § 16913(a). SORNA imposes criminal penalties of up to ten years imprisonment on individuals who are required to register as sex offenders, travel in interstate commerce, and knowingly fail to register or update their registration. 18 U.S.C. § 2250(a). Congress delegated to the Attorney General the decision whether SORNA should apply retroactively to sex offenders who were convicted before the statute's effective date. 42 U.S.C. § 16913(d). The Attorney General determined that SORNA is applicable to "all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3.

In his Motion to Dismiss, Defendant argues that his prosecution under SORNA violates the Ex Post Facto Clause of the United States Constitution because SORNA is punitive in purpose and effect, and the application of SORNA to Defendant was retrospective. (Doc. No. 20.) Defendant further argues that, because the state of Arizona has not adopted the registration and notification provisions of SORNA, he cannot be prosecuted for failure to comply with those provisions. (*Id*. at 7.)

**Is a SORNA Proceeding Criminal or Civil**

The Ex Post Facto Clause applies solely to criminal, not civil, cases. *See Calder v. Bull*, 3 U.S. 386, 399 (1798). Therefore the Court must assess whether Congress, in promulgating SORNA, "meant the statute to establish 'civil' [or criminal] proceedings." *Smith v. Doe*, 538 U.S. 84, 92 (2003) (citation omitted). A statute is meant to establish criminal proceedings if it is punitive in either intent or effect. *See id.* If Congress's intent in passing a statute was to impose punishment, the statute is deemed criminal and not civil in nature. *Id.* "If, however, the intent was to enact a regulatory scheme that is civil and nonpunitive, [courts] must further

1 examine whether the statutory scheme is so punitive either in purpose or effect as to negate
2 [Congress's] intention to deem it 'civil.'" *Id.*

Here, Congress plainly stated that its intent in enacting SORNA was "to protect the public from sex offenders and offenders against children . . . [by establishing] a comprehensive national system for the registration of those offenders." 42 U.S.C. § 16901. Accordingly, the intent was not punitive but regulatory in nature.

The next component of the civil/criminal analysis is whether SORNA is punitive in effect. SORNA has been held to be punitive in effect when applied to juveniles. *United States v. Juvenile Male*, 590 F.3d 924, 941 (9th Cir. 2010), *petition for cert. filed*, 78 USLW 3483 (U.S. Feb. 9, 2010), *and questions certified*, 2010 WL 2243707 (U.S. June 7, 2010) (No. 09-940). However, the court of appeals in *Juvenile Male* took care to restrict its holding to juveniles. "[T]he impact of sex offender registration and reporting upon former juvenile offenders and upon convicted adults differs in ways we cannot ignore." *Id.* at 932.

Additionally, the Supreme Court has held that an Alaska sex offender registration law similar to SORNA was a non-punitive, regulatory measure. *See Doe*, 538 U.S. at 105-06. The Ninth Circuit has held that state sex offender registration laws not unlike SORNA are not so punitive as to come within the coverage of the Ex Post Facto Clause. *See Russell v. Gregoire*, 124 F.3d 1079, 1092 (9th Cir. 1997); *Hatton v. Bonner*, 356 F.3d 955, 967 (9th Cir. 2003). Like the court of appeals in *Russell*, this Court is "sensitive to the fact that the Act may have a lasting and painful impact on a sex offender's life, which ought not be lightly disregarded." 124 F.3d at 1092. However, "whether a sanction constitutes punishment is not determined from the defendant's perspective, as even remedial sanctions carry the sting of punishment." *Id.* (citation omitted) (internal quotation omitted).

Defendant argues that the placement of SORNA's enforcement provision in the criminal code "militate[s] in favor of a conclusion that the statute is indeed punitive in nature." (Doc. No. 20 at 4.) However, as the government points out, the enforcement provision is the only provision of SORNA that is located in the criminal code. (Doc. No. 22 at 6, referring to 18

1 U.S.C. § 2250.) Further, "invoking the criminal process in aid of a statutory regime does not render the statutory scheme itself punitive." *Doe,* 538 U.S. at 96.

Ultimately, the Court does not need to determine whether SORNA is punitive, because its application to Defendant is not retrospective and thus does not violate the Ex Post Facto Clause.

**The Application of SORNA to Defendant Was Not Retrospective**

For a criminal law to be ex post facto, it must be retrospective and disadvantage the affected offender. *Weaver v. Graham*, 450 U.S. 24, 29 (1981). A law is retrospective if "it changes the legal consequences of acts completed before its effective date." *Miller v. Florida*, 482 U.S. 423, 430 (1987) (internal quotation omitted). SORNA became effective on July 27, 2006. *United States v. George,* 579 F.3d 962, 965 (9th Cir. 2009).

The offense for which Defendant is being prosecuted is his failure to register as a sex offender in the state of Arizona after moving to that state. Defendant moved to Arizona in 2009, some three years after SORNA's effective date. Thus, the application of SORNA to Defendant is not retrospective because the SORNA offense with which Defendant is charged occurred after that law took effect. Because Defendant is not being punished for his prior sex offense, the fact that it occurred prior to SORNA is irrelevant. *See United States v. May*, 535 F.3d 912, 920 (8th Cir. 2008). SORNA is applicable to "all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. This application does not implicate the Ex Post Facto Clause because all acts required for punishment did not occur prior to the effective date of the legislation. *See United States v. Campanale*, 518 F.2d 352, 364 (9th Cir. 1975).

Critical to this Court's analysis is *United States v. George*, in which the Ninth Circuit Court of Appeals held that SORNA did not violate the Ex Post Facto Clause. 579 F.3d at 968-69. One issue in *George* was whether the defendant could be convicted for failing to register under SORNA when his interstate travel took place prior to SORNA's enactment. *Id.* at 968. The Supreme Court recently held that SORNA liability cannot be predicated on such pre-SORNA travel. *Carr v. United States*, 2010 U.S. LEXIS 4551 at *8 (2010). Because Defendant

Jones's move to Arizona and failure to register therein occurred *after* SORNA's effective date, *Carr* has no bearing on this case. The Supreme Court did not reach the broader question of whether SORNA was in compliance with the Ex Post Facto Clause, *id.* at *36, therefore, *George* remains controlling law on that point.

Additionally, SORNA has consistently been upheld by other courts. In *Smith v. Doe*, the Supreme Court upheld, against an ex post facto challenge, an Alaska law requiring sex offenders to register with the state, to provide personal information to the state, and to notify the state of any changes in that information. 538 U.S. at 84. Relying on that case, "courts reviewing SORNA have held that SORNA does not generally violate the ex post facto clause."[1] *United States v. LeTourneau*, 534 F. Supp. 2d 718, 721 (S.D. Tex. 2008). Most critically, the Ninth Circuit agrees that *Doe* has "already established that under SORNA adults may be constitutionally required to register as sex offenders based on pre-SORNA convictions." *Juvenile Male*, 590 F.3d at 942 n.17.

Defendant relies on *Juvenile Male* because that court held that retroactive application of SORNA's juvenile registration requirements does indeed violate the Ex Post Facto Clause. 590 F.3d 924. As noted above, the court of appeals in *Juvenile Male* took care to restrict its holding to juveniles. "We are struck. . . by the vastly different situation of adult criminal defendants from that of juvenile offenders, and of the corresponding difference in the effect of registration upon the two groups." *Id.* at 937. Adult criminal proceedings have long been public record, whereas public access to information of the nature mandated by SORNA is not

---

[1] *United States v. Lawrence*, 548 F.3d 1329, 1332-36 (10th Cir. 2008); *United States v. Stinson,* 507 F. Supp. 2d 560, 565 (S.D. W. Va. 2007); *United States v. Pitts*, 2007 U.S. Dist. LEXIS 82632, 2007 WL 3353423, at *5-6 (M.D. La. Nov. 7, 2007); *United States v. Gill*, 2007 U.S. Dist. LEXIS 76446, 2007 WL 3018909, at *3 (D. Utah Oct. 15, 2007); *United States v. Ambert*, 2007 U.S. Dist. LEXIS 75384, 2007 WL 2949476, at *5 (N.D. Fla. Oct. 10, 2007); *Levine v. Pennsylvania State Police*, 2007 U.S. Dist. LEXIS 76679, 2007 WL 3033951, at *4 (M.D. Pa. Oct. 16, 2007); *United States v. Lovejoy*, 516 F. Supp. 2d 1032, 1038 (D. N.D. 2007); *United States v. May*, 2007 U.S. Dist. LEXIS 70709, 2007 WL 2790388, at *5 (S.D. Iowa Sept. 24, 2007); *United States v. Patterson*, 2007 U.S. Dist. LEXIS 68366, 2007 WL 2904099, at *8 (D. Neb. Sept. 21, 2007); *United States v. Cole*, 2007 U.S. Dist. LEXIS 68522, 2007 WL 2714111, at *3 (S.D. Ill. Sept. 17, 2007); *United States v. Kelton*, 2007 U.S. Dist. LEXIS 65430, 2006 WL 2572204, at *1 (M.D. Fla. Sept. 5, 2007).

an aspect of the rehabilitative juvenile justice system. *Id.* Finally, the court reiterated that under *Smith v. Doe* and *George*, SORNA, as applied to adults convicted of pre-SORNA sex offenses, does not violate the Ex Post Facto Clause. *Id.* at 942 n.17 (citation omitted).

**Arizona's Failure to Implement SORNA Does Not Preclude Prosecution of Defendant Under the Act**

"A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). The plain language of the statute makes no exception to registration based on whether a state has implemented it. In holding that a defendant violated SORNA by failing to register as a sex offender in Washington, the Ninth Circuit confirmed that "[w]ithout regard to whether SORNA is implemented by Washington or any other state, registration under it is required." *George*, 579 F.3d at 965. "A failure to properly implement SORNA results in a '10% reduction of Federal justice assistance funding,' not in an excuse for an offender who has failed to register." *United States v. Hinckley*, 550 F.3d 926, 939 (10th Cir. 2008) (quoting 72 Fed. Reg. at 30, 212-13).

**RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Motion to Dismiss Indictment (Doc. No. 20).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived.

DATED this 11th day of June, 2010.

_____
D. Thomas Ferraro
United States Magistrate Judge